UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| CYNTHIA DOUGLAS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | 5:17-CV-00005 |
| | § | |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS, | § | **(JURY)** |
| | § | |
| Defendant. | § | |

**NOTICE OF REMOVAL**
**AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, and files this Notice of Removal pursuant to 28 U.S.C. §1446(a), as well as its formal Demand for Jury Trial, and in support thereof would show the Court as follows:

1. On December 6, 2016, Plaintiff Cynthia Douglas filed Plaintiff's Original Petition in the matter styled *Cynthia Douglas v. Metropolitan Lloyds Insurance Company of Texas,* Cause No. B41337-1612 in the District Court of Hale County, Texas, 242nd Judicial District, in which Plaintiff made a claim for damages under a homeowner's policy issued to Cynthia Douglas by Metropolitan Lloyds Insurance Company of Texas as a result of an alleged loss at her property located at 203 Kirchwood St., Plainview, TX 79072, which occurred on May 8, 2015.

2. Plaintiff served Metropolitan Lloyds Insurance Company of Texas with a copy of Plaintiff's Original Petition on December 9, 2016.


Case 5:17-cv-00005-C   Document 1   Filed 01/05/17   Page 2 of 5   PageID 2

3. Defendant filed its Notice of Removal on January 5, 2017, which is within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. §1446(b). The original Notice of Removal was filed within one year of the commencement of this action.

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a) and are attached hereto as Exhibit "A." A copy of this Notice of Removal is also concurrently being filed with the state court and served upon the Plaintiff.

5. Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division embrace Hale County, Texas, the place where the removed action has been pending.

I.

**BASIS FOR REMOVAL**

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446.

7. Plaintiff is, and was at the time the lawsuit was filed, a citizen of Hale County, Texas.

8. Defendant Metropolitan Lloyds Insurance Company of Texas was, and at the date of this Notice, remains, an association of underwriters whose individual underwriters are all residents and citizens of either the State of Wisconsin or the State of Rhode Island and Providence Plantations.[1] "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Metropolitan] is determined . . . solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp*, 3 F.3d 877, 882-884 (5th Cir. 1993), cert. denied, 522 U.S. 815 (1997); see also *Massey*, 993 F. Supp. At 570.

unincorporated associations for jurisdictional purposes).[2]  Accordingly, Metropolitan is a citizen of the States of Wisconsin and Rhode Island and complete diversity exists.

        **A.**    **The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction**

9.    In determining the amount in controversy, the court may consider the "policy limits . . . penalties, statutory damages, and punitive damages."  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *See Ray v. State Farm Lloyds*, No. CIV. A. 3:98-CV-1288-G, 1999 WL 151667, at *2-3 (N.D. Tex. Mar. 10, 1999)(finding a sufficient amount in controversy in plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

10.    This is a civil action in which the amount in controversy exceeds $75,000.00.  Plaintiff alleges that Defendant is liable under a homeowners insurance policy because Plaintiff made a claim under that policy and Defendant wrongfully adjusted and denied that claim.  Specifically, Plaintiff alleges that Defendant breached the insurance policy in effect at the time of the loss.

---

2 "Fifth Circuit jurisprudence is equally clear."  *See Massey*, F. Supp. At 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997).

---

**NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL  - PAGE 3**

The Plaintiff is seeking monetary relief over $100,000.00, but not more than $200,000.00. (See Plaintiff's Original Petition attached as Exhibit A.)

## II.

### THE REMOVAL IS PROCEDURALLY CORRECT

11.     Defendant was served with the Plaintiff's Original Petition on December 9, 2016. Defendant filed its original Notice of Removal within the 30 day time period required by 28 U.S.C. §1446(b).

12.     Venue is proper in the District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

13.     Pursuant to 28 U.S.C. §1446(a) all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

14.     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff.

15.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hale County District Court, promptly after Defendant files this Notice.

16.     Defendant hereby demands a trial by jury.

## III.

### CONCLUSION

Based on the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein

by reference, Defendant Metropolitan Lloyds Insurance Company of Texas, hereby removes this case to this court for trial and determination.

                Respectfully submitted,

                STACY | CONDER | ALLEN LLP

                */s/ - Dennis D. Conder*
                By:   Dennis D. Conder
                          State Bar No. 04656400

                901 Main Street, Suite 6200
                Dallas, Texas 75202
                (214) 748-5000
                (214) 748-1421 FAX
                conder@stacyconder.com

                ATTORNEYS FOR DEFENDANT
                METROPOLITAN LLOYDS INSURANCE
                COMPANY OF TEXAS

## **CERTIFICATE OF SERVICE FOR NOTICE OF REMOVAL**

      On January 5, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record by facsimile or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                */s/ - Dennis D. Conder*
                Dennis D. Conder

PAN/PLDG/578993.1/001466.16953